**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| JERRYE MILLIGAN,              )<br>    Plaintiff,                          )<br>                                          )     **Case No. 3:12-CV-00049 JTK**<br>v.                                       )<br>                                          )<br>MICHAEL J. ASTRUE, Commissioner, )<br>Social Security Administration     )<br>    Defendant.                       )<br>                                          ) | |

**Memorandum and Order**

Before the Court is the Motion to Dismiss (Doc No. 6) filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration, on April 26, 2012. Defendant's Motion requests that the present action be dismissed because Plaintiff failed to comply with the relevant statute of limitations. After reviewing the briefing of the parties, the Court finds that Defendant's Motion should be GRANTED.

**Discussion**

Plaintiff filed an application for disability insurance benefits that was denied at the initial and reconsideration levels. An Administrative Law Judge (ALJ) subsequently denied his claim on December 11, 2009. On December 12, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's denial of his claim. The December 12, 2011, action by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner. Plaintiff did not file the instant civil action until sixty-six days later on February 16, 2012.

The relevant statute of limitation provides that claimants may obtain a review of the Commissioner's "decision by a civil action commenced within sixty days after the mailing to

[the claimant] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). The beginning date for the sixty-day period is the date that the claimant receives notice of the Appeals Council's decision. 20 C.F.R. § 404.981. This is presumed to be five days after the date on the notice of decision, unless there has been a reasonable showing[1] that it was not received within this period. 20 C.F.R. §§ 404.901, 422.210(c). The Eighth Circuit has upheld this limitations period. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989) ("We have found no authority to support an exception to the sixty-day requirement for a claimant whose attorney fails to appeal within that time.").

Plaintiff responds by speculating that he might not have received the notice within five days because his counsel rarely receives these notices within five days of the date on the notice. This is not a sufficient basis for ignoring the five-day presumption and extending the limitations period.

## Conclusion

The Court has carefully reviewed the briefing and finds that Defendant's Motion to Dismiss should be GRANTED. Accordingly, this action shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 20th day of September, 2012.

_____
United States Magistrate Judge

---

[1] No such showing was ever made to the Social Security Administration.